1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11  FRANCISCO CANINDE DANTAS DA
    COSTA,                                        CASE NO. 3:22-cv-05766-TL

12
                          Petitioner,             ORDER OF DISMISSAL

13          v.

14  ALEJANDRO MAYORKAS, U.S.
    Department of Homeland Security,

15
                          Respondent.

16

17          This matter is before the Court on its own motion. On October 11, 2022, Petitioner

18  Francisco Caninde Dantas Da Costa filed a proposed complaint styled as a Motion for

19  Cancellation of Removal. Dkt. No. 1. After receiving notice from the Clerk of the Court and

20  being ordered by the Court to show cause for failing to pay the filing fee, Mr. Da Costa filed an

21  application to proceed *in forma pauperis* (Dkt. No. 4), which was granted (Dkt. No. 5). His

22  Complaint against Respondent Alejandro Mayorkas, Secretary of the U.S. Department of

23  Homeland Security, seeking cancellation of removal was entered on the docket on January 3,

24  2023. Dkt. No. 6. Having reviewed Mr. Da Costa's purported Complaint, the Court finds that it

1  lacks jurisdiction to hear Mr. Da Costa's challenge to his removal and deportation. The Court

2  therefore DISMISSES WITHOUT PREJUDICE Petitioner's Complaint.

3         The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915.

4  Upon permitting a party to proceed *in forma pauperis*, the Court is subject to the requirements

5  set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to

6  dismiss the case if the Court determines that the Petitioner fails to state a claim upon which relief

7  may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129

8  (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those

9  filed by prisoners"). Additionally, the Court has an independent duty to ensure subject matter

10 jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th

11 Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction . . .whether the

12 parties raised the issue or not."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time

13 that it lacks subject-matter jurisdiction, the court must dismiss the action."). Federal courts are

14 presumed to lack subject matter jurisdiction over a case, and the burden of showing otherwise

15 rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

16 375, 377 (1994). "Ordinarily, a court cannot issue a ruling on the merits 'when it has no

17 jurisdiction' because 'to do so is, by very definition, for a court to act *ultra vires*,'" or outside its

18 powers. *Brownback v. King*, 141 S. Ct. 740, 749 (2021) (quoting *Steel Co. v. Citizens for Better*

19 *Env't*, 523 U.S. 83, 89 (1998)).

20        "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C.

21 § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil

22 Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014)

23 (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual

24 allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*,

ORDER OF DISMISSAL - 2

1  504 F.3d 903, 910 (9th Cir. 2007). Petitioner must plead factual allegations that "state a claim to

2  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where

3  a petitioner proceeds *pro se*, courts must construe the complaint liberally. *Johnson v. Lucent*

4  *Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

5  Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that

6  were not initially pled." *E.g., Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash.

7  Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409

8  F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for

9  pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

10  　　　Mr. Da Costa claims that he was improperly deported on November 2, 2017, even though

11  he "has no criminal history and is in the process of a Family Petition I-130 that has been

12  approved." *See* Dkt. No. 6 at 2. He seeks cancellation of removal per *Niz-Chavez v. Garland*, 141

13  S. Ct. 1474 (2021). *Id.* He asserts that cancellation is warranted because the Notice to Appear he

14  received from the Department of Homeland Security was deficient. *Id.* The Court therefore

15  construes Mr. Da Costa's request for relief as a challenge to his removal pursuant to a final order

16  of deportation or removal.

17  　　　"The exclusive means to challenge an order of removal is the petition for review

18  process." *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012). The REAL ID Act

19  eliminated district court habeas corpus jurisdiction over final orders of deportation or removal,

20  and vested jurisdiction to review such orders exclusively in the courts of appeals. 8 U.S.C. §

21  1252(a)(5) ("a petition for review filed *with an appropriate court of appeals* in accordance with

22  this section shall be the sole and exclusive means for judicial review of an order of removal."

23  (emphasis added)). *See also Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) ("The REAL ID

24  Act clarified that final orders of removal may not be reviewed in district courts, even via habeas

1  corpus, and may be reviewed only in the courts of appeals."). Mr. Da Costa cites *Niz-Chavez* in

2  support of his request to cancel his removal but that petition was filed before the Sixth Circuit

3  Court of Appeals, and not the district court, as required by the REAL ID Act. *See Niz-Chavez v.*

4  *Barr*, 789 F. App'x 523, 526 (6th Cir. 2019), *rev'd sub nom. Niz-Chavez v. Garland*, 141 S. Ct.

5  1474 (2021). Likewise, Mr. Da Costa must file his petition with the appropriate circuit court of

6  appeals and not with the district court.

7          The Court therefore ORDERS Petitioner's Complaint (Dkt. No. 6) DISMISSED WITHOUT

8  PREJUDICE because it lacks jurisdiction to hear his challenge to his removal.

9          Dated this 27th day of April 2023.

10

11                                              Tana Lin
                                                United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER OF DISMISSAL - 4